Eastern District of Kentucky
**FILED**
JUL 20 2005
AT FRANKFORT
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CASE NO. 05cv52 KKC
FRANKFORT DIVISION**

ANTHONY MAYES and
MILDRED MAYES                                                          PLAINTIFFS

VS.

COMMONWEALTH OF KENTUCKY
And its agencies and employees

Unnamed Defendants and Local
Governments                                                              DEFENDANTS

Serve: Hon. Gregory Stumbo
Attorney General
Commonwealth Attorney
Capitol Building
700 Capital Avenue, Frankfort, KY 40601

**COMPLAINT**

**I.     This is an action by the Plaintiffs and other persons similarly situated for damages and injunctive relief against the Defendants for violating the civil rights and constitutional rights of the Plaintiffs under color of law and by state action which is violative of 42 U.S.C 1983 and 42 U. S. C. 1985.**

1.     The Defendant Commonwealth of Kentucky through its agencies such as Kentucky State Police, the Court of Justice through their circuit courts across the Commonwealth, Commonwealth Attorneys across the Commonwealth, in conjunction with local law enforcement agencies and the United States Drug Enforcement Agency has deprived the Plaintiffs and other similarly situated individuals of their personal property by acting under color of law which in the absence of a pre-judgment forfeiture statute of Kentucky is without legal authority and/or jurisdiction of the Commonwealth of

Kentucky caused the Plaintiffs to suffer a denial of due process and equal protection under the laws and Constitution of the United States pursuant to the 14th Amendment as made applicable to the states and as provided to any and all citizens and in violation of the Kentucky Constitution..

## II.     Jurisdiction and Venue

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C Section 1331 due to there being a federal question and 28. U.S.C. Section 1343 due to a violation of the Plaintiffs civil rights. The amount in controversy is greater than the amount required for jurisdiction by this Court.

3.     Venue is proper in the Eastern District of Kentucky.

## III.    The Parties

4.     The Plaintiffs, Anthony Mayes and Mildred Mayes are individuals who reside in the Western District of Kentucky in Mayfield, Graves County, Kentucky and Cadiz, Trigg County, Kentucky. They currently reside in Graves County, Kentucky and Cadiz, Kentucky and at all times relevant herein were residents thereof.

5.     Defendant Commonwealth of Kentucky is the governmental entity of the sovereign state and under which the laws of the Commonwealth of Kentucky are implemented and enforced through its various agents—who are employees, agencies and entities, such as, the Justice Cabinet, Kentucky State Police, Vehicle Enforcement, Commonwealth Attorneys, Courts of Justice—through its Circuit Courts, County Attorneys, County Police, County Sheriff's Departments, City and Local police departments, and Drug Task Forces in conjunction with the U. S. Drug Enforcement Agency. The capital of the Commonwealth of Kentucky is located in Frankfort, Franklin

County, Kentucky, however there are agencies and offices across the Commonwealth of Kentucky and in each of the 120 counties of the Commonwealth.

6. The various agencies and entities of the Defendant Commonwealth of Kentucky and the Unnamed Defendants who are participants in effectuating the civil rights and constitutional violations under color of state law against the Plaintiffs and other similarly situated persons are the Kentucky State Police, Department of Courts of Justice through its Circuit Courts across the Commonwealth of Kentucky, local law enforcement agencies-both city and county in Mayfield, Graves County, Kentucky and the Western Kentucky Drug Task Force.

### IV. Class Action

7. Plaintiffs bringing this action is a class action pursuant to Federal Rules of Civil Procedure 23 and on behalf of individuals who have not been arrested for drug offenses and/or suspected of drug activity who have had their property unrelated to drug transactions and/or drug activity improperly confiscated and seized during the period from May 2005 to the present and for a period of up to ten (10) years prior to May 2005 and/or for a period for however long the unlawful confiscation has occurred.

8. The Class consists of dozens of persons, therefore the members of the Class are so numerous that joiner is impracticable. The exact number of Class members is not presently known to the Plaintiffs but can be rarely ascertained through appropriate discovery and/or legal notice.

9. Plaintiffs will fairly and adequately represent the interest of the Class, and they have retained competent counsel experienced in complex state and federal litigation to

represent their interest. The Plaintiffs have no interest that are adverse or antagonistic to the Class.

10. A class action is superior to all other available methods for the fair and offensive adjudication of this controversy. The expense and burden of pursuing individual claims makes it virtually impossible for the individual Class members to individually seek redress for the wrongful conduct alleged in the Complaint.

11. Common questions of law in fact exist to all members of the Class and predominate over any individual question so in effect any individual members of the Class. Among the common questions of law in fact are:

   a. Whether the Defendants-named and unnamed, under color of law confiscated and seized personal property of the Plaintiffs and other citizens of the Commonwealth of Kentucky in the absence of a pre-judgment forfeiture statute in the Commonwealth of Kentucky and in the acts described in this Complaint;

   b. Whether the Defendants are violating federal law in their confiscation, seizure of individuals property in the absence of pre-judgment forfeiture statute in the Commonwealth of Kentucky; and,

   c. Whether the Defendants conduct has caused injury to the Plaintiff Class.

12. Plaintiffs envision no difficulty in the management of this as a Class Action.

**V.  Facts**

13. The Plaintiff Anthony Mayes had his vehicle searched on or about May, 2005 as a result of law enforcement's efforts to arrest his brother, George Mayes of Cadiz, Trigg County, Kentucky regarding a state murder charge and arrest warrant. The Plaintiff Anthony Mayes' home was searched and his vehicle was searched in an effort to see if

the alleged fugitive George Mayes was present. In the search of Plaintiff Anthony Mayes' automobile after searching the interior and passenger compartment, members of the Mayfield Police Department, Graves County Sheriff's Department, and specifically a member of the Kentucky State Police asked to search the trunk to look for the alleged fugitive, George Mayes. To this request the Plaintiff Anthony Mayes said yes and gave consent to search the trunk of his vehicle due to the fact that he knew George Mayes was not in the trunk of his vehicle. The officer of the Kentucky State Police did not advise and/or inform Plaintiff Mayes that any other personal property would be searched and/or seized as a result of the Plaintiff's consent to search the trunk. Upon opening the trunk it was discovered that the alleged fugitive, George Mayes, was not present. However, the Kentucky State Police officer observed a safe and a brown bag--containing money in this trunk and upon seeing these items seized them without the consent of Plaintiff Mayes. No other contraband or illegal substance was discovered in Plaintiff Mayes' trunk. The safe was not listed as being stolen and/or suspected of containing contraband. The safe and the brown bag with money in it were property of Mildred Mayes and other family members. Plaintiff Mildred Mayes had other important personal property located inside the safe such as her deed and mortgage papers to her property in Cadiz, Trigg County, Kentucky. The Plaintiffs' personal property is not connected to and/or suspected of being evidence of particular criminal activity. Further, the seized personal has not been subject to any criminal charges since its seizure. Finally, the taking of the personal property was without consent and/or authority, as well as, without compensation by the government in violation of the Kentucky Constitution and the United States Constitution pursuant to the 4th Amendment and 14th Amendment as made applicable to the States.

14. On or about June 9, 2005 a letter was written to Captain Steven Humphreys, Commander of Post 1 in Hickory, Kentucky on behalf of Plaintiff Mildred Mayes and family seeking the return of the seized personal property. This letter was written to request the return of the seized property and there was no immediate response. Then on June 24, 2005 a second letter was written on behalf of Plaintiff Mildred Mayes and family seeking the return of the property, as well as, a response to the June 9th letter to Captain Steven Humphreys, with a copy to General Counsel of the Kentucky State Police, on Versailles Road, Frankfort, Kentucky On June 27, by facsimile transmission Captain Humphreys responded to the June 24, 2005 letter stating that the personal property seized had been transferred to the Drug Enforcement Administration and that contact to an agent in the Louisville DEA office should be made.

15. As a direct and proximate result of the Defendant Commonwealth of Kentucky's acts and conduct in conjunction with the conduct of its agents and the unnamed defendants-who are interested parties herein, the Plaintiffs have been deprived of their personal property under color of law in the absence of a pre judgment seizure and/or pre-conviction forfeiture statute in the Commonwealth of Kentucky denied due process, equal protection and their civil rights. The Plaintiffs have been injured and loss use and access of their personal property that has a value of access of Thirty Thousand ($30,000) Dollars and as a direct and proximate result of being deprived of the use, access and enjoyment of the property they have been injured in an amount in access of Fifty Thousand ($50,000) Dollars.

16. The acts of the Defendant Commonwealth and its agencies and employees, along with the unnamed Defendants has been malicious and oppressive to the Plaintiffs and

entitle the Plaintiffs to punitive damages in an amount in excess of One Hundred Thousand ($100,000) Dollars each.

WHEREFORE, the Plaintiffs demand judgment herein against the Defendants as follows:

    a.    For injunctive relief preventing the Commonwealth of Kentucky its agencies, the Western Kentucky Drug Task Force, the Courts of Justice and the local and municipal law enforcement agencies from seizing and confiscating personal property of the Plaintiffs and members of the Class that is not connected to violation of drug laws of the Commonwealth of Kentucky and on use of pre judgment/pre conviction forfeiture;

    b.    For an order directing the Commonwealth of Kentucky to return to the Plaintiffs forthwith any and all their personal property that was unduly and improperly seized;

    c.    For an order and award of damages compensating the Plaintiffs for the deprivation of the use, access, enjoyment and possession of their property in an amount in access of Fifty Thousand ($50,000) Dollars;

    d.    For an award in punitive damages in an amount in access of One Hundred ($100,000) Dollars for each Plaintiff herein;

    e.    For their reasonable attorneys fees;

    f.    For their costs expended herein, and

    g.    For any and all other relief to which the Plaintiffs may appear entitled.

## COUNT II

17.    The Plaintiffs reiterate and incorporate as restated herein paragraphs 1

through 18 of the Complaint.

18. The Plaintiffs state that the Defendants conspired to deprive them of their personal property and committed the acts stated herein whereby the Defendants under the guise of drug interdiction and enforcement have acted in a manner and implemented practices that seize personal property for no legitimate reason other than to deprive the Defendants and others similarly situated from the enjoyment of their personal property similar to other citizens of the Commonwealth of Kentucky. The Plaintiffs state that the basis of the Defendants actions has been to violate the civil rights of the Plaintiffs guaranteed them both as citizens of this state and federal government that are guaranteed them in the United States Constitution and under statutes of the United States and those that are made applicable to the states, as well as, deny them due process and equal protection of the laws and constitution of the United States and Commonwealth of Kentucky.

19. That as a direct and proximate result of the conspiracy and conduct of the Defendants the Plaintiffs have been caused injury in their deprivation of their personal property in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

20. That the acts of the Defendants in promoting the conspiracy have been with reckless disregard of the law and the Plaintiffs' rights and were malicious to entitle the Plaintiffs to punitive damages in excess of One Hundred Thousand ($100,000.00) Dollars each.

Wherefore, the Plaintiffs demand judgment against the Defendants as follows:

a. For compensatory damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars;

b. For an award of punitive damages in an amount in excess of One Hundred Thousand ($100,000.00) Dollars each;

c. For an injunction against the Commonwealth of Kentucky preventing the taking of citizens personal property;

d. For an order directing the Commonwealth of Kentucky to return any and all personal property of the Plaintiffs that was seized from the trunk of Plaintiff Anthony Mayes;

e. For their reasonable attorneys fees;

f. For their costs expended herein;

g. For any and all other relief to which they appear entitled.

*Willie E. Peale, Jr.*
WILLIE E. PEALE, JR.
219 St. Clair Street
Frankfort, KY 40601
502/875-4714

ATTORNEY FOR
PLAINTIFFS

We have read the foregoing Complaint and state that the facts and statements contained therein are true and accurate to the best of our knowledge and belief.

x*Anthony Mayes*
ANTHONY MAYES

x*Mildred S Mayes*
MILDRED MAYES

**COMMONWEALTH OF KENTUCKY**
**COUNTY OF TRIGG**

Subscribed and sworn to, before me, a Notary Public, by MILDRED MAYES, on this the 6th day of July, 2005.

_Willie E. Peale, J._
NOTARY PUBLIC

My Commission Expires: 5/8/08

**COMMONWEALTH OF KENTUCKY**
**COUNTY OF** Christian

Subscribed and sworn to, before me, a Notary Public, by ANTHONY MAYES on this the 6th day of July, 2005.

_Willie E. Peale, J._
NOTARY PUBLIC

My Commission Expires: 5/8/08