UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-52

ANTHONY MAYES and
MILDRED MAYES,                                                                            PLAINTIFFS,

v.                                    **OPINION AND ORDER**

COMMONWEALTH OF KENTUCKY,
KENTUCKY STATE POLICE,
COURT OF JUSTICE,
CAPTAIN STEPHEN (STEVEN) HUMPHREYS,
Individually, severally and jointly
And its agencies and employees
and Unnamed Defendants and Local
Governments,                                                                              DEFENDANTS.

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the Motion to Dismiss (Rec. No. 5) filed by the Commonwealth of Kentucky (the "Commonwealth"), the Kentucky County Attorneys (the "County Attorneys"), Kentucky's Commonwealth's Attorneys (the "Commonwealth Attorneys") and the Kentucky Court of Justice ("COJ"); and the Motion for Leave to Supplement Plaintiffs' Response filed by the Plaintiffs (Rec. No. 12). The Court GRANTS the Motion for Leave to Supplement and, for the following reasons, also GRANTS the Motion to Dismiss.

**I.    FACTS.**

The Plaintiffs, Anthony and Mildred Mayes (the "Plaintiffs") filed their initial Complaint against the Commonwealth of Kentucky, "its agencies and employees" and "unnamed defendants and local governments." The Plaintiffs stated that they filed the action "on behalf of individuals who have not been arrested for drug offenses and/or suspected of drug activity who have had their property unrelated to drug transactions and/or drug activity improperly confiscated and seized."

(Rec. No. 1, Complaint, ¶ 7).

In the initial Complaint, Plaintiffs asserted that officers of the Graves County Sheriff's Department and Mayfield Police Department and a Kentucky State Police officer improperly seized the Plaintiff's property in violation of the Fourth Amendment. (Rec. No. 1, Complaint, ¶ 13). Plaintiffs asserted claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 and asked for injunctive relief in the form of an Order requiring that the Commonwealth and its agencies, the Western Kentucky Drug Task Force, the COJ and the local and municipal law enforcement agencies cease seizing and confiscating personal property of the Plaintiffs and other class members; and an Order directing the Commonwealth to return the Plaintiffs' property to them. The Plaintiffs also asked for damages to compensate them for the deprivation of the use, access, enjoyment and possession of their property. (Rec. No. 1, Complaint, ¶ 16).

The Commonwealth, the COJ, and the Commonwealth Attorneys and the County Attorneys moved to dismiss the Complaint (Rec. No. 5, Motion to Dismiss). The motion points out that, while only the Commonwealth and "its agencies and employees" and certain "unnamed Defendants and Local Governments" were named as Defendants in the Complaint and only the Commonwealth was actually served with a copy of the Complaint, the Complaint mentions the COJ and the Commonwealth Attorneys. Thus the Motion states it is brought on behalf of the Commonwealth, the COJ and the Commonwealth Attorneys and the County Attorneys to the extent each may be considered Defendants in the action.

The moving parties assert that, under the Eleventh Amendment, the Commonwealth and its agencies are immune from suit regardless of the relief sought. The moving parties also assert that, to the extent that Plaintiffs seek to assert claims against the Commonwealth Attorneys and County

2

Attorneys, any such claim must be dismissed because the Complaint does not allege that these state prosecutors undertook any unlawful or unconstitutional actions. Finally, the moving parties assert that any Complaint against the prosecutors must be dismissed because of Eleventh Amendment and prosecutorial immunity.

The Plaintiffs then filed an Amended Complaint, naming the Commonwealth, the Kentucky State Police, the COJ, Captain Stephen (Steven) Humphreys, "individually, severally and jointly And its agencies and employees," and "unnamed Defendants and Local Governments." (Rec. No. 8).

## II.     STANDARD ON MOTION TO DISMISS.

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed. . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cruz v. Beto*, 405 U.S. 319, 322 (1972)(citation omitted). "[T]he factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). "Motions to dismiss for failure to state a claim are 'not favored and should be granted sparingly and with caution only where it appears to a certainty that no set of facts could be proven at trial which would entitle a plaintiff to any relief.'" *Dawson v. Bristol Labs.*, 658 F.Supp. 1036, 1040 (W.D. Ky. 1987) (quoting *Dann. v. Studebaker-Packard Corp.*, 288 F.2d 201, 216 (6th Cir. 1961)).

## III.    ANALYSIS.

### A.     Suit Against the Commonwealth and its Agencies.

The Commonwealth and its agencies are immune under the Eleventh Amendment from an

action for damages or injunctive relief in federal court. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 97-98 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Accordingly, the suit against the Commonwealth must be dismissed. The Court of Justice and its officers and employees are the judicial department of the Commonwealth. *Ex parte Farley*, 570 S.W.2d 617, 620 (Ky. 1978)(citing Ky. Const. §§ 27, 28, 109). Accordingly, the suit against the COJ must be dismissed because it is an agency of the state.

      **B.**      **Suit Against Commonwealth Attorneys and County Attorneys.**

The Eleventh Amendment bars § 1983 suits seeking money damages against states and against state employees sued in their official capacities. *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66 (1989)). Accordingly, any claim for damages against the County Attorneys or Commonwealth Attorneys in their official capacities must be dismissed.

An exception to Eleventh Amendment immunity permits prospective injunctive relief against state officials whose conduct violates the U.S. Constitution. *Ex parte Young*, 209 U.S. 123 (1980). Accordingly, the Plaintiffs would not be barred under the Eleventh Amendment from asserting a claim against the state or county prosecutors in their official capacities for prospective injunctive relief. Likewise, the Plaintiffs would not be barred under the Eleventh Amendment from seeking money damages from prosecutors in their individual capacities. Nevertheless, the Plaintiffs have failed to state a claim against any prosecutor in his official or individual capacity.

In their initial Complaint, the Plaintiffs did not name the Commonwealth Attorneys or County Attorneys as defendants. In the Motion to Dismiss, these prosecutors argued that, if Plaintiffs were attempting to state a claim against them, any such Complaint against them must be

dismissed partially because the Complaint did not allege that any prosecuting attorney had taken any unlawful action.

The Plaintiffs then filed an Amended Complaint. (Rec. No. 8). Again, they do not name any Commonwealth Attorney or County Attorney as a defendant. The Plaintiffs do not even name generally "County Prosecutors" or "Commonwealth Prosecutors" in their Amended Complaint. The Plaintiffs do not ask for injunctive relief against any County Attorney or Commonwealth Attorney in his official capacity. Nor do the Plaintiffs ask for money damages against any County Attorney or Commonwealth Attorney in his individual capacity.

The Plaintiffs do not mention any individual prosecutor in the body of the Amended Complaint. In fact, there are only two references to the prosecutors in the Amended Complaint. Plaintiffs make the conclusory allegation that, among other entities, the "Commonwealth Attorney...in conjunction with local law enforcement agencies" and other individuals and entities have deprived the Plaintiffs of their personal property. (Rec. No. 8, Amended Complaint ¶ 1). Plaintiffs also state that, among other entities, the "Commonwealth Attorneys, Courts of Justice – through its Circuit Courts, County Attorneys. . ." are Commonwealth agencies that implement and enforce the laws of the Commonwealth. (Rec. No. 8, Amended Complaint ¶ 5). This does not allege any unlawful action. Accordingly, to the extent that they intended to do so, the Plaintiffs have failed to state a claim against any state or county prosecutor.

In their response to the Motion to Dismiss (Rec. No. 7), Plaintiffs state that they complain about actions taken by state officials during a "manhunt to find a murder suspect" and that "any involvement by a prosecutor" in this manhunt is not protected. Plaintiffs also state that "prosecutors are not absolutely immune in connection with the giving of legal advice to police officers during an

5

investigation." Plaintiffs do not state that any prosecutor was actually involved in the manhunt, nor the nature of that involvement. Nor do Plaintiffs allege that any prosecutor actually gave legal advice to police officers nor what that advice may have been.

Plaintiffs cannot state a claim simply by suggesting theories about how prosecutors theoretically can be held liable for their actions. In order to state a claim against the prosecutors, Plaintiffs must allege some actual action that the prosecutors undertook which the Plaintiffs seek to cease or for which the Plaintiffs see to be compensated. Plaintiffs have failed to do so and, accordingly, have failed to state a claim against the County Prosecutors and the Commonwealth Prosecutors in either their individual or official capacities.

**IV.   CONCLUSION.**

For the above reasons, the Court hereby ORDERS as follows:

1)   The Motion for Leave to Supplement Plaintiff's Response (Rec. No. 12) is GRANTED:

2)   The Motion to Dismiss (Rec. No. 5) is GRANTED; and accordingly,

3)   The Commonwealth of Kentucky, the Court of Justice and all County Attorneys and Commonwealth Attorneys in both their individual and official capacities are hereby DISMISSED from this action.

This 31st day of January, 2006.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**